IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ZANE A. JOHNSON,            )
                            )
        Petitioner,         )
                            )
    v.                      )        1:07CV278
                            )
WARDEN MARVIN L. POLK,      )
                            )
        Respondent.         )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Zane A. Johnson, a prisoner of the State of North Carolina, on November 4, 1998, in the Superior Court of Lee County, was convicted after trial by jury of one count of first-degree burglary and three counts of robbery with a dangerous weapon. Superior Court Judge Orlando F. Hudson, Jr. sentenced Petitioner to 163 to 205 months in prison for the first-degree burglary, 60 months of which was based upon a firearm sentencing enhancement. Judge Hudson arrested judgment on one of the armed robbery convictions, and sentenced Petitioner to two terms of 103 to 133 months in prison for each to the two remaining armed robbery convictions. Petitioner's sentences were made to run concurrently. Petitioner was represented at trial by attorney Jim L. Love, Jr.

Petitioner Johnson appealed to the North Carolina Court of Appeals, but that court found no error. *State v. Johnson*, No. COA00-355 (N.C. Ct. App. Dec. 5, 2000)

(unpublished). (Pleading No. 9, Resp't Br. Supp. Mot. to Dismiss, Ex. 2). Petitioner was represented on appeal by attorney Love.

On December 6, 2001, Petitioner filed a Motion for Appropriate Relief ("MAR") in Lee County Superior Court. He requested vacation of the 60-month firearm enhancement for his first-degree burglary conviction. Petitioner was represented by attorney Elizabeth Hambourger of the North Carolina Prisoner Legal Services, Inc. Senior Superior Court Judge Wiley F. Bowen granted the MAR on December 12, 2001, directing that a modified judgment be entered without inclusion of a firearm sentencing enhancement. Judge Bowen entered a corrected judgment sentencing Petitioner to 103 to 133 months in prison for the first-degree burglary conviction.

More than one year later, on or about January 15, 2003, Petitioner Johnson filed a *pro se* petition for a writ of certiorari, seeking review by the North Carolina Court of Appeals of Judge Bowen's order. Petitioner contended that he had newly-discovered evidence regarding William Glenn Huggins, Jr., the assistant district attorney who had prosecuted Petitioner. Petitioner attached newspaper articles that reported that prosecutor Huggins had been charged with solicitation to commit murder based upon allegations that Huggins talked to another person about killing Huggins' wife and had given the person a weapon used as evidence in a 1996 murder case Huggins prosecuted. (*Id.*, Ex. 6.) The State also requested certiorari review of Judge Bowen's order. On February 13, 2003, the North Carolina Court of Appeals denied both petitions for review.

On March 30, 2007, Petitioner filed the habeas corpus petition now before this Court for consideration. Thereafter, on or about April 10, 2007, he filed a petition in the North Carolina Court of Appeals seeking belated review of his 1998 convictions based upon newly-discovered evidence. The new evidence alleged by Petitioner was largely the same as that described in his earlier certiorari petition, with the addition that attorney Huggins had since been convicted of several crimes. (*Id*., Ex. 10.) The North Carolina Court of Appeals denied certiorari review on April 24, 2007.

Claims of the Petition

In his habeas corpus petition, Petitioner Johnson alleges that (1) there is newly-discovered evidence of prosecutorial vindictiveness, misconduct, and racial bias; (2) his criminal proceedings were corrupt and tainted by the prosecuting attorney; (3) the factual predicate for his claims of prosecutorial misconduct could not have been discovered through due diligence; and (4) the State suppressed evidence that he was in the hospital at the time of the crimes for which he was convicted. In response to the petition, Respondent ("the State") has filed a motion for dismissal. (Pleading No. 8.) Petitioner has filed a number of motions which the Court will address at the close of this Recommendation.

Discussion

As a threshold defense, the State contends that all claims in the habeas petition of Zane Johnson should be dismissed as time-barred under the statute of limitations applicable to habeas actions. *See* 28 U.S.C. § 2244(d). For reasons set forth below, the Court concludes

-3-

that the State's argument is well-taken, and that this action should be dismissed pursuant to 28 U.S.C. § 2244(d).

Petitioner Johnson's federal habeas petition was due, absent tolling or other exception, within one year of the date his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). In this case, Petitioner's conviction became final on January 9, 2001, thirty-five days after the December 5, 2000 decision of the North Carolina Court of Appeals affirming his convictions and sentences. *See* N.C. R. App. P. 32(b), 14(a), and 15(b). Accordingly, the federal habeas statute of limitations began to run on January 9, 2001, and continued to run for 331 days until Petitioner filed his MAR on December 6, 2001. The pendency of the MAR tolled the statute. *See* 28 U.S.C. § 2244(d)(2). Tolling ended on February 13, 2003, when the North Carolina Court of Appeals denied Petitioner's request for a writ of certiorari. The statute began to run once more, and the one-year limitations period expired thirty-four days later, on March 19, 2003. Petitioner did not file his federal habeas petition until March 30, 2007, approximately four years later.

Under 28 U.S.C. § 2244(d)(1)(D), the habeas statute of limitations begins to run from the later of when the petitioner's conviction became final or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In this case, Petitioner invokes § 2244(d)(1)(D) and argues that his claims should not be held to be barred in this case because they are based upon newly-discovered evidence – evidence of criminal conduct by the prosecutor – that was not available to him

-4-

at the time his convictions became final. The calculation of timeliness pursuant to § 2244(d)(1)(D) must be made on a claim-by-claim basis. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005).

In Claim (4) of the petition, Petitioner Johnson contends that the State suppressed evidence demonstrating that he was in the hospital when his crimes of conviction were committed. Petitioner makes no assertion of newly-discovered evidence as to this particular claim. Petitioner's vague allegations regarding the claim allude to "suppressed" evidence that was in fact apparently given by a physician in testimony at his trial. (Pleading No. 2, Petition at 11.) Accordingly, the factual predicate for this Claim (4) was, or should have been, apparent to Petitioner at the time of his trial. Petitioner cannot benefit from any delayed start-date for the statute of limitations pursuant to § 2244(d)(1)(D). The Court therefore concludes that the statute of limitations as to Claim (4) expired on March 19, 2003, more than four years before Petitioner Johnson filed his petition.

In Claims (1), (2) and (3) of the petition, Petitioner Johnson presents three closely-related claims, all based upon contentions that the prosecutor at his trial, William Huggins, was corrupt, vindictive, and racially biased. Petitioner contends in conclusory fashion that his prosecution and convictions were the result of prosecutorial misconduct. The allegations that form the basis for these contentions all relate to criminal charges that were filed against Huggins in 2003 for taking a gun from a 1996 murder trial and giving it to his girlfriend to kill his wife. Petitioner contends generally that Huggins' "criminal mind" thwarted justice

-5-

Case 1:07-cv-00278-NCT-PTS   Document 17   Filed 10/24/07   Page 5 of 8

in Petitioner's case, and that the prosecutor's subsequent convictions show that Petitioner's trial was "tainted." (Petition at 7.) According to Petitioner, Huggins used Petitioner's convictions "to foster his reelection/political agenda." (*Id.*)

Petitioner contends that the habeas statute of limitations should not be held to have run against him because he could not, even through due diligence, have discovered until recently that the prosecutor in his case was himself guilty of gross criminal misconduct. On review, the Court concludes that the record does not support this contention. In fact, the undisputed record absolutely refutes any claim of recent discovery by Petitioner of the facts underlying his Claims (1), (2) and (3).

Under 28 U.S.C. § 2244(d)(1)(D), the limitations period begins to run when the petitioner knows, or through due diligence could discover, the important facts underlying his potential claim, not when he recognizes their legal significance. *See generally Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). Once a petitioner is alerted to factual circumstances that could form the basis for a habeas claim, the statute of limitations begins to run under § 2244(d)(1)(D), and accrual of the statute does not await "the collection of evidence which supports the facts." *Brooks v. McKee*, 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004).

Petitioner Johnson's January 15, 2003 petition for a writ of certiorari to the North Carolina Court of Appeals raised the issue of Huggins' misconduct and the criminal charges against him. In fact, Petitioner attached the very same newspaper clippings to that

January 15, 2003 petition as he has now attached to his motion for leave to add newly-discovered evidence in this action. (Pleading No. 10.) The record shows that Huggins was subsequently convicted of embezzlement, obstruction of justice, and related charges (all of which have no connection to Petitioner's case) on October 15, 2003. (Pleading No. 9, Ex. 13.)

Accordingly, it is clear that by January 15, 2003, or by October 15, 2003 at the latest, Petitioner Johnson had knowledge of the factual predicate for his Claims (1), (2) and (3). Nonetheless, he waited several years to file this habeas action on March 30, 2007. Without question, these claims are time-barred under the one-year habeas corpus statute of limitations.

Since all of Petitioner's claims are time-barred, the Court does not reach the merits of Petitioner's claims. It may be noted, nonetheless, that none of the misconduct or criminal actions by former prosecutor Huggins bears the slightest factual connection to Petitioner's case. Petitioner's theory appears to be largely what he alleged in his certiorari petition to the North Carolina Court of Appeals: "Once a leopard . . . always a leopard who will never lose his spots." (Pleading No. 9, Ex. 6.) This theory bears no relation to a showing of any constitutional violation in Petitioner's convictions and sentences.

Conclusion

For reasons set forth above, **IT IS RECOMMENDED** that the State's motion to dismiss (Pleading No. 8) be granted and that this action be dismissed as time-barred. Further,

**IT IS ORDERED** that Petitioner's ancillary motions (Pleading Nos. 4, 5, 6, 7, 10, and 13) are all **DENIED** as without merit in view of the time-barred nature of Petitioner's claims.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: October 24, 2007